IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY HILL,

      Plaintiff,

v.                                            **No. 13cv0607 MCA/RHS**

EDWINA L. KOSEA;
MARLENE KOSEA,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING CASE

**THIS MATTER** comes before the Court on pro-se Plaintiff Jimmy Hill's *Application to Proceed in District Court without Prepaying Fees or Costs* (hereinafter called "motion to proceed IFP"), filed July 2, 2013 (Doc. 3), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).  Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief."  § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312.  The Court must "dismiss the case" if it determines that any of the conditions in § 1915(e)(2)(B) exist.  *See* § 1915(e)(2); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

      **I.**      **Hill has not established indigency.**

IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Hill, who is 61 years old and unmarried, states that he supports his 39-year old daughter and 14-year old granddaughter. He receives $2973/month in disability benefits. *See* Doc. 3 at 2. He pays $450/month for rent, and $116/month for utilities. *See id.* at 4. Medicaid and medicare provide for his medical needs. *See id.* He owns two vehicles, makes $278/month in car payments, and states that he pays $150/month for transportation costs and $200/month on clothing, even though he apparently does not need transportation or special clothing for a job, since he has received disability benefits since 1997. *See id.* Although the current national monthly average "thrifty food plan" costs for a single person in Hill's age group is about $166/month[1], Hill claims he spends $300/month on food for himself, *see id.* at 4, which is excessive under the circumstances. He also spends $100/month for recreation/entertainment costs. On these facts, Hill has failed to show that he cannot, because of poverty, provide himself and his dependents with the necessities of life and pay the filing fee. *See Adkins*, 335 U.S. at 339. His application to proceed IFP will, therefore, be denied and his Complaint should be dismissed on that ground alone. *See* § 1915(e)(2)(A); *Trujillo*, 465 F.3d at 1217 n. 5.

## II. Hill fails to invoke the Court's subject-matter jurisdiction.

But even if he were indigent, Hill has failed to state sufficient facts to invoke this Court's subject-matter jurisdiction over his claims. "Federal courts are courts of limited jurisdiction, and

---

[1]*See* Official USDA Food Plans, Average for May, 2013, located at http://www.cnpp.usda.gov/USDAFoodCost-Home.htm.

the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to

establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction

must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks

omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action." FED. R. CIV. P. 12(h)(3); *see Basso v. Utah Power & Light Co.*, 495 F.2d 906,

909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the

cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . .

. If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to

determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction

cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations

omitted); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) ("a district court should

not assume the role of advocate for the pro se litigant, and may not rewrite a petition to include

claims that were never presented") (citation and internal quotation marks omitted).

        Based on the allegations in his Complaint, it appears that Hill is attempting to bring a state-

law breach-of-contract action on behalf of DPM Motors against the Defendants, who are Navajo

Indians residing on reservation land in Cuba, NM. *See* Compl. at 1-2.  Hill, however, may not bring

suit on DPM Motors' behalf because he is not the real party in interest and, therefore, has no

standing to bring DPM Motor's claims.  *See* Fed. R. Civ. P. 17.  "[T]he real party in interest is the

one who, under applicable substantive law, has the legal right to bring suit."  *FDIC v. Geldermann,*

*Inc.*, 975 F.2d 695, 698 (10th Cir. 1992) (internal quotation marks omitted); *see L.R. Prop. Mgmt.,*

*Inc. v. Grebe*, 96 N.M. 22, 23, 627 P.2d 864, 865 (1981) ("A real party in interest is . . . one [who]

is the owner of the right being enforced and is in a position to discharge the defendant from the

liability being asserted in the suit.") (internal quotation marks omitted).

> There are three elements to Article III standing: 1) injury-in-fact; 2) causation; and 3) redressability.  An injury-in-fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical.  Causation is found upon a showing that the injury is fairly traceable to the challenged action of the defendant, rather than some third party not before the court.  Redressability requires the plaintiff to show that it is likely that a favorable court decision will redress the injury to the plaintiff.

*Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1255 (10th Cir. 2004). (quotation marks, bracket, and citations omitted).  A person who is not a real party in interest has no standing to bring suit on behalf of another individual or entity because he cannot show an injury in fact of his *own* legally protected interest.

In addition, Hill is not a licensed attorney.  "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *cf. Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.").  Thus, the Court will not permit Hill to amend his Complaint to substitute DPM Motors as the Plaintiff.

In addition, Hill alleges no facts to establish diversity jurisdiction, and there is no federal question on the face of his Complaint.  DPM Motors' breach-of-contract action does not arise under federal law, but it may surely seek redress in the Navajo tribal courts.  *See Halwood v. Cowboy Auto Sales, Inc.*, 124 N.M. 77, 78-79, 946 P.2d 1088, 1089-1090 (Ct. App. 1997) (noting that the "Navajo Tribal Code allows repossession of Navajo Indians' personal property from tribal territory only if the buyer consents in writing or the creditor first obtains a valid tribal court order.  Navajo Tribal Code tit. 7, § 607 (1977).").  In addition, because the Defendants allegedly signed the contract and

4

took possession of the vehicle on non-Indian lands, it is conceivable that DPM Motors may seek

redress in the state courts.  *See Tempest Recovery Serv., Inc. v. Belone*,  134 N.M. 133, 137-38, 74

P.3d 67, 71-72 (2003) (holding that "the civil jurisdiction of the [Navajo] tribal court extends to

Indian allotments, [but] we do not believe that the tribal court has exclusive jurisdiction" over suits

for repossession of vehicles purchased by Indians from a non-Indian on non-Indian lands because

the cause of action did not arise within Indian Country and does not "impermissibly infringe[] upon

Navajo Nation sovereignty").

The Court concludes that Hill's Complaint fails to invoke the Court's subject-matter

jurisdiction and must be dismissed, and that his motion to proceed IFP must also be denied.

**IT IS ORDERED** that Hill's motion to proceed IFP [Doc. 3] is DENIED and that his

Complaint is dismissed without prejudice.

**DATED** this 9th day of July, 2013 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
**CHIEF UNITED STATES DISTRICT JUDGE**